UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEANINE ANN ONEILL,

        Plaintiff,

v.                                                 Case No: 6:19-cv-2359-GKS-EJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff's Motion for Attorney Fees and request for oral argument ("the Motion"). (Doc. 24.) The Commissioner responded in opposition to the Motion and contends that the amount sought by Plaintiff is excessive and that oral argument is unnecessary. (Doc. 26 at 1.) Thus, the Motion is ripe for review.

Upon consideration, the Motion is due to be granted in part, and the request for oral argument is due to be denied as moot.

### I.     BACKGROUND

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) Following several delays in the submission of his portion of the joint memorandum, the Commissioner moved for entry of judgment with remand. (Doc. 21.) The Court granted that request and entered judgment in Plaintiff's favor. (Docs. 22, 23.) Thereafter, Plaintiff filed the instant Motion, requesting $9,670.99 in attorneys' fees and included a schedule of billable hours. (Doc. 24 at 1, 20–21.) The Motion contains Plaintiff's attorney fee agreement assigning her EAJA fees to her counsel (Doc. 24-1), a printout of the consumer price

index listing monthly Consumer Price Index ("CPI") rates, and the affidavit of Mark Zakhvatayev, Esq. (Docs. 21-2, 21-3.)

## II. DISCUSSION

### a. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees, and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

A social security plaintiff is deemed to have prevailed against the United States if the court orders a "sentence four"[1] remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala*, 509 U.S. at 303; Fed. R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States

---

[1] A "sentence-four" remand refers to the fourth sentence of 42 U.S.C. § 405(g). Sentence four authorizes the Court to enter a "judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney's fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the Court entered a sentence four remand. (Docs. 22.) The request for fees was timely since it was filed ninety days after the Clerk's entry of judgment. (Docs. 23, 24.) Additionally, Plaintiff avers that her net worth was less than two million dollars at the filing of the Complaint and that the Commissioner's position was not substantially justified. (Docs. 24, ¶ 7.) Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### b. Reasonableness of the Attorneys' Fees

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a

special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost of living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-CV-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc. v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on the reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-CV-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff seeks EAJA fees for her attorneys,[2] consisting of 1.7 hours in 2019 and 45.2 hours in 2020, for a total of 46.9 attorney hours.[3] (Doc. 24 at 3, 20–21.) Plaintiff argues that, although the amount of time spent on a typical Social Security case is between 20 and 40 hours, the amount of time expended on this case was appropriate because, at 5,558 pages, the transcript was much larger than average. (Doc. 24 at 27 (citing *Marshall v. Astrue,* No. 7:09-cv-33 (HL), 2011 U.S. Dist. LEXIS 70890, 2011 WL 2604768, at *2 (M.D. Ga. May 10, 2011) ("The typical attorney work time expanded in an EAJA case ranges between twenty (20) and forty (40) hours."); *Dunnigan v. Astrue,* No. CV 07-1645-AC, 2009 U.S. Dist. LEXIS 126078, at *41 (D. Or. Dec. 23, 2009) (noting that a 597-page transcript is in the average range); *Turner v. Colvin*, No. 2:15-cv-02119, 2016 U.S. Dist. LEXIS 115153, at *5 (W.D. Ark. Aug. 29, 2016) (599-page transcript is in the average range); *Harcrow v. Astrue,* No. 06-10919, 2008 U.S. Dist. LEXIS 124826 (E.D. La. May 23, 2008) (a 498-page transcript is a bit more than average)).)

The Commissioner argues that the attorneys' time was excessive both for briefing the case and for preparing the EAJA petition, and that the requested fees should be reduced to 24 hours as follows: (1) 20.0 hours for drafting the joint memorandum argument section, (2) 3.0 hours for drafting the statement of facts, and (3) 1.0 hours for preparing the EAJA petition. (Doc. 26 at 3–6.) The Commissioner argues that although the transcript in this matter was significantly larger than average, an unusual amount of time was not required for its review because Plaintiff's counsel has represented Plaintiff since 2015 and was well aware of the facts and issues in the case. (Doc.

---

[2] While there is only one attorney of record for Plaintiff, a second attorney participated in her action before this Court. (Docs. 24 at 3, 20–21; Docs. 24-3.) The attorneys are Carol Avard, Esq. and Mark Zakhvatayev, Esq. (*Id.*)

[3] Although the Motion states a total of 41.90 hours were spent, with 31.6 by Attorney Avard and 10.3 by Attorney Zakhyatayev, this appears to be in error. The "schedule of hours" and memorandum of law attached to the Motion indicates 15.3 hours, not 10.5, were spent by Attorney Zakhyatayev, for a total of 46.9 attorney hours. (Doc. 24 at 3, 21.)

26 at 4.) The Commissioner also contends that a reduction in hours is appropriate because, aside from her familiarity with the transcript in the record, the "arguments [in the brief] consisted of a good amount of stock language from prior briefs with a similar decision period." (*Id.* at 3.)

Historically, courts have held that more than 30 hours is unusual to spend on an entire Social Security case. *See Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl- 37TBS, 2013 WL 5970717, at *2 n.1 (M.D. Fla. Nov. 8, 2013). Whether a case warrants more depends on the facts of the case. *Id.* Accordingly, courts have awarded higher fees in some cases, but such awards are case specific. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (discussing compensation under the EAJA may only be for the number of hours reasonably expended by her attorney on the case); s*ee also Powell v. Colvin*, No. 8:12-cv-02078-33TBM, 2013 WL 4781083 *2 (M.D. Fla. Sept. 6, 2013) (reducing attorney's claimed hours on the brief based on attorney's experience and lack of novel issues raised in brief).

While Plaintiff's Motion included several pages of citations to Social Security cases where courts have awarded fees for more than 30 hours of work, she did not discuss the facts of those cases or otherwise explain why they are relevant here. (Doc. 24 at 15–19.) Plaintiff's only justification for the requested amount is a large transcript. (*Id.* at 27.) She asserts that, although she represented Plaintiff at the administrative level a year prior, a thorough review of the case transcript was necessary to re-familiarize herself with the case due the passage of time. (*Id.*) There is no discussion in the Motion or the supporting documents of any novel arguments or additional reasons why almost 40 hours was spent on preparing the brief alone.

As such, Plaintiff has not shown that the circumstances of this case warrant the 46.9 hours she requests. Accordingly, a reduction in time for drafting the brief's argument and statement of facts would be appropriate. The undersigned does not, however, completely agree with the

Commissioner's proposed reductions.

First, in calculating the proposed 24.0 hour award, the Commissioner omitted any discussion of the 3.0 hours Plaintiff's counsel spent reviewing the file and conferring with Plaintiff about the federal appeal, or reviewing docket activity (orders, the Commissioner's Answer, etc.), which included motions and orders relating to the Commissioner's own requests for extensions of time. (*Id.* at 20.) Plaintiff should be compensated for that time.

Second, after reviewing a description of the activities performed in relation to this matter, the majority of the time, 41.4 hours, was spent reviewing the transcript and drafting Plaintiff's portion of the joint memorandum. (Doc. 24 at 20–21.) Here, Plaintiff's counsel billed for the following tasks related to the preparation of the Joint Memorandum

- Attorney shepardize cases - .5 hour
- Attorney prep. of preliminary draft of brief – 8.0 hours
- Attorney first rev. draft of brief – 7.3 hours
- Attorney prep. of final draft of Memorandum of Law – 6.6 hours
- Attorney rev. of final draft of brief – 6.0 hours
- Rev. of Transcript and taking notes – 8.5 hours
- Writing the statement of facts – 2.0 hours
- Reviewing and rewriting the statement of facts – 1.5 hours
- Reviewing the statement of facts – 1.0 hour

(*Id.*) Plaintiff's brief in its final form was 25 pages, consisting of a 4-page facts section, and an argument section that identified 3 issues. (Doc. 26-1.)

"Excessive, redundant or otherwise unnecessary" hours should be excluded from the amount claimed. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "In other words, the Supreme Court requires fee applicants to exercise 'billing judgment.'" *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988) (quoting *Hensley*, 461 U.S. at 437). Billing judgment is does not involve a formula, and instead is based on the facts and circumstances of each case, requiring exclusion of hours that "would be unreasonable to bill to a client and therefore

to one's adversary *irrespective of the skill, reputation or experience of counsel."* Id. (citing *Hensley*, 461 U.S. at 434) (emphasis in original). The length of time to complete certain tasks is far from a set number. Courts have, for example, found it reasonable to expend over 8 hours reviewing a 1000-page transcript, even when its final drafted summary was only 4 pages, and that 31.5 total hours expended on preparing the entire brief was not "excessive, redundant or otherwise unnecessary." *Jipson v. Comm'r of Soc. Sec.*, No. 2:13-cv-450-FtM-38DNF, 2014 WL 2951824, at *3 (M.D. Fla. July 1, 2014) (citing *Gates v. Barnhart,* 325 F.Supp.2d 1342, 1349 (M.D.Fla.2002)).

Here, I agree with Plaintiff that it is not excessive to spend 8 hours reviewing a transcript that exceeds 5,500 pages to prepare a facts section. More problematic is the number of hours spent preparing the remainder of the brief and Plaintiff's counsel's failure to provide any detail regarding the tasks performed. There is no explanation regarding what "attorney prep" consists of in relation to preparing the argument section of the draft. Regardless, after spending 8.5 hours reviewing and taking notes on the transcript, 8 hours preparing a preliminary draft of the brief, and 6.6 hours preparing a final draft of the memorandum of law, an additional 4.5 hours drafting and revising the statement of facts—which is a relatively straightforward task—and another 13.3 hours revising drafts of the brief is redundant and excessive without a more detailed explanation. Therefore, I recommend reducing the 17.8 hours billed for redundant and excessive time by 75%, to 4.45 hours. Accordingly, I recommend an award of 33.55 hours of the original 46.9 hours requested.[4]

---

[4] The Court is not persuaded by the Commissioner's argument that a reduction in fees from 2.3 hours to 1.0 hours in relation to preparation of the instant Motion is appropriate. While the Commissioner asserts affidavits are standard, reviewing time sheets is a "clerical task," and the court has at least twice reduced EAJA motion preparation fees to 1.0, he cites to no authority for why the tasks at issue are "clerical" or why the cases cited are applicable here. (Doc. 26 at 6 (citing to *Boutwell v. Comm'r of Soc. Sec.*, No. 2:19-cv-00435-MRM, Doc. 21 (M.D. Fla. Apr. 14, 2020); *Hearn o/b/o Hearn v. Comm'r Soc. Sec.*, 2:18-cv-00145-NPM, slip. op. at 3 (M.D. Fla. Dec. 10,

With regard to the hourly rate, Plaintiff is requesting an award of $205.00 for work performed in 2019 and $206.25 for work performed in 2020. (Doc. 21 at 6.) Based on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience and reputation in the Orlando area exceeds $125 per hour. Additionally, an increase in the cost of living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed their work on this case justifies an upward adjustment from $125. However, the rate proposed by Plaintiff does not appear to be appropriate. Plaintiff attaches the "monthly CPI rates" and argues that "the hourly EAJA fee can be adjusted upwards for any month when the CPI was increased" and the "prevailing market rate for Social Security litigation of like quality exceeds the EAJA Cap." (Doc. 24 at 2, 26.) Ultimately, it is still unclear how she calculated the hourly rates of $205.00 and $206.25 for 2019 and 2020 respectively. (*See* Doc. 24.)

The Court finds that using the CPI for the Southern region of the United States most accurately reflects the increase in the cost of living in the Orlando area. *See Zapata-Reyes v. Commissioner*, No. 6:18-cv-976, Doc. 29 at 5–6; *Alzamora v. Commissioner*, No. 6:18-cv-618, Doc. 28 at 5–6. Since Plaintiff's counsel performed work in this case in 2019, and 2020, the Court will use the average CPI from each year in calculating the appropriate hourly rate. According to the United States Department of Labor, the 1996 average CPI for all urban consumers in the Southern region was 246.265 in 2019, and in 2020 it was 248.639.[5] Accordingly, the adjusted hourly rate should be $200.41 for 2019, and $202.34 for 2020.[6] Thus, the amount of attorney's

---

2019)).)

[5] The Court calculated the CPI for 2020 by taking an average of the CPI for 2020.

[6] The hourly rate is calculated by determining the percentage increase of the CPI from 1996 to 2019 and 2020, respectively, and adjusting the EAJA $125 fee cap accordingly. Thus, the 2019 calculation is as follows: $(((246.265 - 153.6)/153.6)) + 1) \times \$125 = \$200.41$. The 2020 calculation is as follows: $(((248.639 - 153.6)/153.6)) + 1) \times \$125 = \$202.34$.

fees Plaintiff is entitled to is $340.70 for 1.7 hours worked in 2019 and $6,444.53 for 31.85 hours worked in 2020 for a total fee award of $6,785.23.

### III.   RECOMMEDATION

Upon consideration of the foregoing, I respectfully recommend that the Motion be **GRANTED IN PART AND DENIED IN PART** as follows:

1. The Court **AWARDS** Plaintiff attorneys' fees in the amount of $6,785.23; and
2. The Plaintiff's request for oral argument be denied as **MOOT**.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 13, 2021.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE